Matter of Police Benevolent Assn. of N.Y., Inc. v State of New York (2018 NY Slip Op 03586)





Matter of Police Benevolent Assn. of N.Y., Inc. v State of New York


2018 NY Slip Op 03586


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525520

[*1]In the Matter of POLICE BENEVOLENT ASSOCIATION OF NEW YORK, INC., et al., Appellants,
v
STATE OF NEW YORK et al., Respondents.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Gleason, Dunn, Walsh & O'Shea, Albany (Brendan D. Sansivero of counsel), for appellants.
Barbara D. Underwood, Acting Attorney General, Albany (Jeffrey W. Lang of counsel), for respondents.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Young, J.), entered November 16, 2016 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Pursuant to Retirement and Social Security Law § 211, a waiver is required for a retired state or municipal employee to be employed in a public service position making a certain salary while continuing to receive his or her pension. Petitioners allege that the position of Chief of University Police at respondent State University of New York, College at Brockport became vacant and that the two individual petitioners applied for
the position and met all of the required qualifications. Edward Giblin, who was retired from public service and receiving a pension, was offered and accepted the position. Petitioners commenced this CPLR article 78 proceeding alleging that respondents violated Retirement and Social Security Law § 211 by hiring Giblin and granting him a waiver despite having available, qualified, nonretired applicants (see Retirement and Social Security Law § 211 [2] [b] [5] [ii]). Petitioners sought an order compelling respondents to rescind the waiver issued to Giblin. Supreme Court granted respondents' motion to dismiss the petition based on lack of standing. Petitioners appeal.
We dismiss the appeal as moot. Typically, "an appeal will be considered moot unless [*2]the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Because Giblin retired from the position in 2017, and the waiver is therefore no longer in effect, petitioners cannot receive the relief requested in the petition, rendering the matter moot. An exception to the mootness doctrine exists, thus permitting judicial review, where the issues are substantial or novel, likely to recur either between the parties or between other members of the public, and involve "a phenomenon typically evading review" (id. at 714-715; see City of New York v Maul, 14 NY3d 499, 507 [2010]; Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430, 437-438 [1979]). We do not find that the exception applies here.
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs and order vacated.